ROBERTA. CHAISSON, Judge.
| aThis is an appeal by Angelle Apartments Company from a judgment awarding Carlos Flores workers’ compensation benefits, as well as attorney fees and penalties. For the following reasons, we affirm the award of benefits, but reverse the award of attorney fees and penalties.
FACTS AND PROCEDURAL HISTORY
Carlos Flores was employed in 2007 as an all-around maintenance man by Angelle Apartments Company. He was paid $100 per day, and was given a reduced rental rate on an apartment in the complex. On January 15, 2010, Mr. Flores reported to his supervisor, Michael Kraft, that he had strained his back while unloading bags of cement from a truck. Four days later, because Mr. Flores was still complaining of back pain, Mr. Kraft took him to the East Jefferson After Hours clinic. After an examination, no work restrictions were placed on Mr. Flores by the doctor at the clinic. On January 29, 2010, Mr. Flores was seen at the Daughters of Charity medical center for his backache, but again no work restrictions were placed on him. This visit was never reported to the employer and |ano request for payment for these services was ever made on the employer by Mr. Flores or the facility. Mr. Flores was again seen at Daughters of Charity on March 24, 2010, apparently in regards to renewal of a nasal spray prescription. The records of this visit do not indicate any discussion of back problems.
Mr. Flores next visited Daughters of Charity on June 3, 2010, with complaints of “back pain radiating.” An examination revealed lower back tenderness on palpation of the left paraspinal region, but no tenderness in the lumbosacral spine was noted. The sensory exam was normal, as were the gait and stance, and reflexes. Based on this examination, the treating physician gave him a work restriction certificate stating “off work 1-2 weeks, no heavy lifting.” The certificate does not identify any particular condition or injury underlying the restrictions. A radiology report of June 4, 2010, indicates “mild degenerative changes at L5-S1. No acute abnormality.” The record of a follow-up office visit on June 10, 2010, indicates a history of “[ljower back pain radiating. Started suddenly lifting at work two weeks ago.” There was no report of an injury made to his employer in the two-week time frame indicated in this record. Mr. Flores notified the employer of his one- to two-week restriction and was told to go home. He did not report for work for two weeks, and when he returned he was told that there was no more work for him at the apartments.
Although Mr. Flores testified that he did not work for about eight to ten days immediately after the injury of January 15, 2010, the pay records of the apartment building show that he was paid $500 for each week in January of 2010. Those records also show that he was paid for a full week’s work for every week between January 8, 2010, and May 28, 2010, and was also paid $200 for the period of June 3-4, 2010, the last two days of his employment with Angelle Apartments.
14Aside from a one-day job, Mr. Flores did not work again until November of *1134 2010, when he was employed by Boh Brothers on a construction job. In his application papers for the Boh Brothers job, he was asked if he had ever received medical treatment for any “back or neck injuries or problems,” and he checked “No.” His position on that job was described as “laborer,” and nothing in his personnel file indicates that he had any restrictions as to “light duty.” Between his dismissal by Angelle Apartments and his employment by Boh Brothers, there is no evidence of any work restrictions or disability ratings placed on him by any health care provider or anyone else. Also, his salary at Boh Brothers was higher than his salary at Angelle Apartments.
In January of 2011, Mr. Flores employed counsel to pursue this claim. On January 20, 2011, counsel sent him to Dr. Jerome Kurpel. Dr. Kurpel diagnosed Mr. Flores with a “history of a lower back injury accruing approximately a year ago with residual diffuse paralumbar muscle spasm, strain and myalgia.” Mr. Flores was treated with medication and conservative therapy. Dr. Kurpel also made a recommendation of “light duty.” Mr. Flores had monthly doctor visits with Dr. Kurpel through July of 2011, during which time the diagnosis and treatment was basically the same, with a continuing recommendation of “light duty.” Dr. Kurpel also recommended an MRI, but this procedure had not been scheduled as of the trial of this matter.
Based on the above evidence, the Office of Workers’ Compensation judge awarded claimant total disability benefits for the two weeks in June when he was off of work, supplemental earnings benefits from the time he left Angelle Apartments until he was employed by Boh Brothers, and medical expenses | f,occasioned by the accident of January 15, 2010. She also awarded $8,000 in attorney fees and $8,000 in penalties. This appeal followed.
LAW AND ANALYSIS
In Dean v. Southmark Construction, 03-1051 (La.7/6/04), 879 So.2d 112, 117, the court stated:
In worker’s (sic) compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the ‘manifest error-clearly wrong’ standard. Brown v. Coastal Construction & Engineering, Inc., 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. Alexander, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Robinson v. North American Salt Co., 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Robinson, 865 So.2d at 105.
In the present case, the employer does not dispute that Mr. Flores injured his back while unloading bags of cement on January 15, 2010. What it does dispute is whether that injury was disabling for purposes of workers’ compensation, and whether it reasonably controverted the claim so as to avoid the imposition of penalties and attorney fees.
*1135 Mr. Flores testified that from the time of the accident, until he left the job with Angelle Apartments, his back was hurting him. He said that he took over-the-counter pain medication and used a back brace to alleviate the pain. He further testified that after he left Angelle Apartments, he continued to experience discomfort, and still has ongoing pain. This continuing condition is attested to by the reports of Dr. Kurpel, his present treating physician. The employer offered no doctors’ reports or other evidence to 16refute Mr. Flores’ condition. Considering the record in its entirety, it is clear that a reasonable trier of fact could have found that Mr. Flores suffered a compen-sable injury which rendered him totally disabled for the two weeks in June of 2010, and entitled him to supplemental earnings benefits from that time until he was hired by Boh Brothers at an increased salary. It was equally reasonable to award him medical expenses for treatments related to the back injury. In this circumstance, we must affirm the awards of benefits and medical expenses.
The next issues are the awards of attorney fees and penalties. Under La. R.S. 23:1201(F)(2), no penalties and attorney fees are owing where the employer has reasonably contested the claim for benefits. Faulkner v. Better Services, Inc., 10-867 (La.App. 5 Cir. 5/24/11), 67 So.3d 646. Here, the employer knew of the injury on January 15, 2010, when it occurred, and took Mr. Flores to the doctor a few days after the incident when he continued to complain of pain. He was not assigned any disability rating and returned to work. The payroll records of the employer show that he did not lose any pay for the period of the injury. Michael Kraft, his supervisor, testified that for the four and one-half months after the injury, Mr. Flores did not complain to him of any back problems. Mr. Flores did not refute this assertion at trial. When he was seen at Daughters of Charity on January 29, 2010, Mr. Flores did not report this visit to his employer. Again, no disability rating was assigned. At the March 24, 2010 visit to Daughters of Charity, Mr. Flores did not make any complaints of ongoing back pain.
It was not until June of 2010 that any treating physician gave Mr. Flores a disability rating, but that certificate did not specify why the rating was given or what injury might have occasioned its issuance. Further, |7Mr. Flores did not make a claim for workers’ compensation at that time. When he retained counsel in January of 2011, a full year after the injury, counsel sent the employer the records from Daughters of Charity, which indicated that the June disability rating related to an incident which had occurred two weeks prior to issuance of the certificate. Again, Mr. Kraft testified that he was unaware of any workplace accident occurring in that time frame, and Mr. Flores did not address this discrepancy in his testimony. Those records also contained Mr. Flores’ medical history form which he filled out when he was hired by Boh Brothers. That medical history form showed that he had never been treated for back problems. Moreover, although Mr. Flores testified that he worked a “light duty” type job at Boh Brothers, his job classification contained no such restriction and he was simply classified as a “laborer.” Considering all of these factors, we find that it was manifest error for the trier of fact to conclude that the employer did not reasonably controvert the claim for compensation. We therefore set aside the awards for penalties and attorney fees.
CONCLUSION
For the foregoing reasons, the award of benefits and medical expenses is affirmed, *1136 and the awards for penalties and attorney-fees are set aside.

AFFIRMED IN PART; REVERSED IN PART